**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fausto U. Cettolin, Jr.; Donna L. Cettolin,<br><br>Plaintiffs,<br><br>vs.<br><br>GMAC; Mortgage Electronic Registration Systems, Inc.; Executive Trustee Services, LLC; et. al.,<br><br>Defendants. | No. CV 10-8036-PCT-JAT<br><br>**ORDER** |

Several motions are pending before the Court. First, Defendants have moved to strike Plaintiffs' motion to quash. The motion to quash is not pending before this Court because it was not re-filed with this Court following removal from state court. *See* Doc. #13. Because the motion to quash is not pending before this Court, the Court will deny the motion to strike without prejudice to Defendants re-filing it if a motion to quash is ever filed with this Court.

Second, Plaintiffs moved to transfer and consolidate this case with the Multidistrict Litigation ("MDL") case involving MERS. Additionally, Plaintiffs seek to stay this case pending a ruling on the motion to transfer and consolidate. Defendants oppose this motion and in particular oppose the stay because Plaintiffs have not filed a motion to transfer with the panel on multidistrict litigation.

Procedurally, because the MDL is pending in the District of Arizona, and because

Plaintiffs' case is pending in this District of Arizona, Plaintiffs were correct to file their motion to transfer and consolidate with the undersigned.[1] Substantively, Defendants oppose a transfer because Plaintiffs have failed to show that their complaint relates to the MERS MDL.[2]

The common issue of the MDL is claims arising from the formation and/or operation of MERS. MDL 09-2119-PHX-JAT, Doc. #1 at 3. Defendants argue that while MERS is named as a defendant in this case, none of the claims relate to the operation or formation of MERS. Plaintiffs did not file a reply in support of their motion to transfer and have not disputed Defendants' characterization of their claims.

The Court has reviewed the complaint (Doc. #1-1 at 2-5) and agrees with Defendants that the claims in this case do not relate to the formation or operation of MERS. Accordingly, Plaintiffs have failed to show that transfer and consolidation with the MDL is warranted. Further, no stay of this case pending resolution of a transfer motion by the panel on multidistrict litigation is necessary. Therefore, the Court will deny both the motion to transfer and consolidate and the motion to stay.

Third, Defendants have filed a motion to dismiss. Plaintiffs have not responded to this motion, and the time to respond has run. As a result, Defendants have moved for summary disposition of their motion to dismiss. Because Plaintiffs may have believed they were given a de facto extension of time to respond by the filing of their motion to stay, the Court will give Plaintiffs one final opportunity to respond to the motion to dismiss (and the Court will deny the motion for summary disposition). However, if Plaintiffs fail to respond within the

---

[1] "Cases filed in the transferee district that properly are part of an MDL ... should be reassigned to the transferee judge,...and associated with the master docket. The reassignment is made locally, without action on the part of the Panel." THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION, THE FEDERAL JUDICIAL CENTER, TEN STEPS TO BETTER CASE MANAGEMENT: A GUIDE FOR MULTIDISTRICT LITIGATION TRANSFEREE COURT CLERKS, 4 (2008).

[2] The Court notes Defendants (only) sought oral argument on the motion to transfer and consolidate. The request for oral argument is denied.

time limit set below, Defendants may re-move for summary disposition, and the Court will deem Plaintiffs' failure to respond to be consent to this Court granting the motion to dismiss. *See* Local Rule Civ. 7.2(i).

Based on the foregoing,

**IT IS ORDERED** that the motion to strike (Doc. #14) is denied, without prejudice.

**IT IS FURTHER ORDERED** that the motion to transfer and consolidate and motion to stay (Doc. #18) are denied.

**IT IS FURTHER ORDERED** that Plaintiffs shall respond to the motion to dismiss (Doc. #15) by July 26, 2010, or the Court will deem the failure to respond to be consent to the motion being granted.

**IT IS FURTHER ORDERED** that the motion for summary disposition (Doc. #20) is denied, without prejudice.

**IT IS FINALLY ORDERED** that Plaintiffs' late request for extension of time (Doc. #21) is denied with respect to the motion to transfer, consolidate and stay; it is granted to the extent specified above with respect to the motion to dismiss.

DATED this 1st day of July, 2010.

James A. Teilborg
United States District Judge