**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fausto U. Cettolin, Jr.; Donna L. Cettolin, ) | No. CV 10-8036-PCT-JAT |
| Plaintiffs, ) | **ORDER** |
| vs. ) | |
| GMAC; Mortgage Electronic Registration ) Systems, Inc.; Executive Trustee Services, ) LLC; et. al., ) | |
| Defendants. ) | |

Currently pending before the Court are Defendant's Motion to Dismiss (Doc. 15) and Plaintiffs' Motion to Amend (Doc. 24). The Court now rules on the motions.

**I. BACKGROUND**

Plaintiffs Fausto and Donna Cettolin used to own a home at 2760 Alibi Drive, Lake Havasu City, Arizona 85604 (the "Property"). They filed a Complaint in state court on January 14, 2010. The Complaint sought to have the state court stay foreclosure on the Property and enjoin the trustee sale set for January 21, 2010.

The Complaint alleges that Defendants were attempting to wrongfully foreclose on the home because Defendants had no proof they were holders in due course of the "genuine original note" for the Property. The Complaint also mentions that Defendant GMAC Mortgage denied Plaintiffs' request for a loan modification due to insufficient income. Plaintiffs allege that the refusal to modify their loan was a "direct violation of TARP

Obligations and Requirements, TILA, and RESPA laws." (Doc. 1-1, p.2.)

The trustee sale of the Property occurred on January 21, 2010. A trustee's deed evidencing the sale on the 21st was recorded in the Mohave County Recorder's Office on January 29, 2010.[1] It is undisputed that Plaintiffs did not obtain an injunction delaying or enjoining the sale.

Defendants removed this case from state court on February 24, 2010. (Doc. 1.) On March 1, 2010, the Court reminded the parties that it would not rule on any motions pending in state court at the time of removal, unless those motions were refiled in this Court. (Doc. 13.) Defendants filed the pending Motion to Dismiss on March 3, 2010. (Doc. 15.)

## II. LEGAL STANDARD

The Court may dismiss a complaint for failure to state a claim under 12(b)(6) for two reasons: 1) lack of a cognizable legal theory and 2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To survive a 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Although a complaint attacked for failure to state a claim does not need detailed factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). The factual allegations of the complaint must be sufficient to raise a right to relief above a speculative level. *Id.*

---

[1]The Court may review the Trustee's Deed without converting the Motion to a motion for summary judgment because the Trustee's Deed is a publicly recorded document. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).

- 2 -

Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id.* (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1202, pp. 94, 95(3d ed. 2004)).

Rule 8's pleading standard demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(citing *Twombly*, 550 U.S. at 555). A complaint that offers nothing more than naked assertions will not suffice. To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Iqbal*, 129 S.Ct. At 1949. Facial plausibility exists if the pleader pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Plausibility does not equal "probability," but plausibility requires more than a sheer possibility that a defendant has acted unlawfully. *Id.* "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citing *Twombly*, 550 U.S. at 557).

In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the facts alleged in the complaint in the light most favorable to the drafter of the complaint and the Court must accept all well-pleaded factual allegations as true. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Nonetheless, the Court does not have to accept as true a legal conclusion couched as a factual allegation. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

**III. ANALYSIS AND CONCLUSION**

Defendants argue that Plaintiffs waived all the claims in the Complaint by failing to obtain an order enjoining the sale of the Property by the business day before the trustee sale. Section 33-811(C) of the Arizona Revised Statutes reads in pertinent part:

> The trustor . . . and all persons to whom the trustee mails a notice of a sale under a trust deed pursuant to § 33-809 shall waive all defenses and objections to the sale not raised in an

>  action that results in the issuance of a court order granting relief pursuant to rule 65, Arizona rules of civil procedure, entered before 5:00 p.m. mountain standard time on the last business day before the scheduled date of sale.

A.R.S. §33-811(C).

Plaintiffs did not file a Rule 65 motion in state court, nor did they file a motion for a preliminary injunction in this Court. Plaintiffs argue they did not need to file a separate motion because their Complaint sought injunctive relief. The Court need not decide whether the Complaint constitutes a Rule 65 motion because the statute requires the granting of injunctive relief to avoid waiver, and Plaintiffs indisputably did not obtain injunctive relief.

A trustor who receives notice of a trustee sale pursuant to A.R.S. §33-809 waives all defenses and objections to the trustee sale not raised in an action resulting in injunctive relief awarded at least one business day before the trustee sale. Plaintiffs do not dispute that they received notice of the trustee sale. The Complaint references the upcoming trustee sale, demonstrating Plaintiffs' knowledge of the sale.

Because Plaintiffs did not receive an order enjoining the sale of the Property, they waived all claims that would have provided defenses or objections to the sale. *Coleman v. Am. Home Mortg. Servicing, Inc.*, No. CV09-2692, 2010 U.S. Dist. LEXIS 30922, at *9-11.[2] Accordingly, the Court must determine whether Plaintiffs' claims are objections or defenses to the sale and therefore waived.

Plaintiffs assert only two theories of relief in the Complaint. They allege that Defendants do not have the right to foreclose on the Property because Defendants are not holders in due course with the right to enforce the instrument. Plaintiffs also allege, without providing any specifics, that GMAC Mortgage's denial of a loan modification violated various federal laws. Success on either of these theories would have provided a valid defense

---

[2] The Court found two memorandum decisions of the Arizona Court of Appeals consistent with the *Coleman* case and the holding in this Order, but Arizona Rules do not allow for citation to memorandum decisions. The Court found no citeable Arizona cases interpreting the relatively new A.R.S. §33-811(C).

- 4 -

1 to the trustee sale of the Property.[3] Plaintiffs therefore waived all their claims by not obtaining an injunction before the sale. Because Plaintiffs waived all the claims in the Complaint, the Court will grant the Motion to Dismiss.

The Court now turns to Plaintiffs' Motion to Amend. Motions to amend pleadings to add claims or parties are governed by Federal Rule of Civil Procedure 15(a), which provides:

> (1) ***Amending as a Matter of Course.*** A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) ***Other Amendments.*** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a). Plaintiff's Motion to Amend falls under subsection (2) of Rule 15(a) because they did not amend their pleading within 21 days of Defendants filing the pending Rule 12(b)(6) Motion to Dismiss.

While the decision to grant or deny a motion to amend is within the discretion of the district court, "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "In exercising its discretion[,] . . . a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities. . . . Thus, Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality." *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (internal quotations omitted).

The extremely liberal policy in favor of amendments, however, is subject to some limitations. The United States Supreme Court has established that motions to amend should be granted unless the district court determines that there has been a showing of:

---

[3] As explained later in this Order, Plaintiffs could not have succeeded on either theory.

1  (1) undue delay; (2) bad faith or dilatory motives on the part of the movant; (3) repeated
2  failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing
3  party; or (5) futility of the proposed amendment. *Foman*, 371 U.S. at 182; *see also United*
4  *States v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001). Regarding the
5  futility of amendments to add claims, "[a] district court does not err in denying leave to
6  amend where the amendment would be futile . . . or would be subject to dismissal." *Saul v.*
7  *United States*, 928 F.2d 829, 843 (9th Cir. 1991)(citations omitted); *see also Miller v. Rykoff-*
8  *Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)("A motion for leave to amend may be denied
9  if it appears to be futile or legally insufficient.")(citation omitted).

10  The Court will deny Plaintiffs leave to amend their Complaint on procedural and
11  futility grounds. Local Rule of Civil Procedure 15.1 requires parties who move to amend a
12  pleading to attach a copy of the proposed amended pleading as an exhibit to the motion.
13  L.R.Civ.P. 15.1. The proposed amended pleading must indicate how it differs from the
14  pleading it amends by bracketing or striking through the text to be deleted and underlining
15  the text to be added. *Id.* Plaintiffs did not attach a proposed Amended Complaint to their
16  Motion to Amend. The Court could deny their Motion on this basis alone, but will deny it
17  on futility grounds as well.

18  The Court does not need to grant leave to amend if amendment would be futile and
19  subject to dismissal. *Saul*, 928 F.2d at 843. Plaintiffs cannot possibly cure the deficiencies
20  in their Complaint by adding more facts because, pursuant to A.R.S. §33-811(C), they
21  waived all defenses to the trustee sale by not obtaining an injunction.[4] Plaintiffs simply

---

24  [4]In their Motion to Amend, Plaintiffs write, "We wish to amend our Complaint to
25  include claims which relate to the formation or operation of MERS and therefore be in
   keeping with the MERS MDL." (Doc. 23, p.4.) A claim that Defendants could not foreclose
26  on the Property because of problems with MERS as a trustee or beneficiary is a defense to
   the sale. Plaintiffs therefore waived a MERS claim by failing to obtain an injunction.
27  Moreover, this Court previously has held that MERS is not a sham beneficiary or part of an
   unlawful conspiracy. *Cervantes v. Countrywide Home Loans, Inc.*, No. CV09-517, 2009 WL
28  3157160, at *10 (D.Ariz. September 24, 2009).

- 6 -

1  cannot plead around that deficiency.

2  Even if Plaintiffs had not waived all their claims, amendment would be futile. 3 Plaintiffs' primary theory of relief – that Defendants are not entitled to foreclose because 4 they have not produced the original note – fails as a matter of law. Plaintiffs' arguments 5 confuse the requirements for judicial foreclosure with those for non-judicial foreclosure. In 6 Arizona, and "[u]nlike their judicial foreclosure cousins that involve the court, deed of trust 7 sales are conducted on a contract theory under the power of sale authority of the trustee." 8 *In re Krohn*, 52 P.3d 774, 777 (Ariz. 2002); *see also* A.R.S. § 33-807(A) (providing power 9 of sale authority to trustee after default).

10  Plaintiffs do not cite, nor is the Court aware of, any controlling Arizona authority 11 requiring the production of the original note before the commencement of a trustee sale. To 12 the contrary, courts within the District of Arizona "have routinely held that [the] 'show me 13 the note' argument lacks merit." *Diessner v. Mortgage Elec. Registration Sys.*, 618 14 F.Supp.2d 1184, 1187-88 (D. Ariz. 2009) (quoting *Mansour v. Cal-W. Reconveyance Corp.*, 15 618 F.Supp.2d 1178, 1181 (D. Ariz. 2009)). Given the absence of any guiding authority by 16 the Arizona Supreme Court or the Arizona Court of Appeals to the contrary, the Court agrees 17 with the unanimous authority within the District of Arizona and finds that Plaintiffs' claims 18 based upon a "show me the note" argument fail as a matter of law. Granting leave to amend 19 the Complaint to state additional "show me the note" arguments therefore would be futile.

20  Plaintiffs' other basis for relief – denial of a loan modification – also fails as a matter 21 of law. Any Amended Complaint that contained such a claim would be susceptible to 22 dismissal because neither TARP nor HAMP provides a private right of action against 23 financial institutions for refusal to modify a loan. *Robinson v. Wells Fargo Bank, N.A.*, No. 24 CV09-2066, 2010 WL 2534192, *6-7 (D.Ariz. June 18, 2010); *Marks v. Bank of Am.*, No. 25 CV10-8039, 2010 WL 2572988, at *5-7 (D.Ariz. June 22, 2010).

26  Because it would be futile to allow Plaintiffs to amend their Complaint, the Court will 27 deny the Motion to Amend.

28  Accordingly,

- 7 -

1   IT IS ORDERED GRANTING Defendants' Motion to Dismiss (Doc. 15). This case
2  is dismissed with prejudice.
3   IT IS FURTHER ORDERED DENYING Plaintiffs' Motion to Amend (Doc. 24).
4   IT IS FURTHER ORDERED GRANTING Plaintiffs' Request to Cancel Oral
5  Argument (Doc. 29). The oral argument currently set for October 4, 2010 is vacated.
6   DATED this 23rd day of September, 2010.

_____
James A. Teilborg
United States District Judge