**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fausto U. Cettolin, Jr.; Donna L. Cettolin,<br><br>          Plaintiffs,<br><br>vs.<br><br>GMAC; Mortgage Electronic Registration Systems, Inc.; Executive Trustee Services, LLC; et. al.,<br><br>          Defendants. | No. CV 10-8036-PCT-JAT<br><br>**ORDER** |

Plaintiffs have filed what is essentially a Motion for Reconsideration (Doc. 34) of the Court's Order granting Defendants' Motion to Dismiss and denying leave to amend (Doc. 31) and the judgment entered on that Order. Plaintiffs move pursuant to Federal Rule of Civil Procedure 60(b) and suggest that the Court erred in rejecting their "show me the note" theory. Plaintiffs also ask the Court to "reopen [their] case for a declaratory judgment on the Constitutionality of ARS 33-811(C) under the federal Fourteenth Amendment." (Doc. 34, p.2.) Defendants oppose the motion for reconsideration.[1]

Rule 60(b) provides that the Court may relieve a party from a final order for:

(1) mistake, inadvertence, surprise, or excusable neglect;

---

[1] Defendants requested oral argument on Plaintiffs' Motion to Reconsider and Plaintiffs may have requested oral argument in their Reply, although it is unclear because the Reply both requests oral argument in the caption and states that no oral argument is requested. Regardless, the Court will not set oral argument on Plaintiffs' Motion because both parties have submitted legal memoranda and oral argument would not aid the Court's decisional process. *See e.g., Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

1 (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
2 (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
3 (4) the judgment is void;
   (5) the judgment has been satisfied . . .; or
4 (6) any other reason that justifies relief.

F.R.Civ.P.60(b). The Court ordinarily will deny a motion for reconsideration absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to the Court's attention earlier with reasonable diligence. L.R.Civ.P. 7.2(g). No motion for reconsideration may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order for which the party seeks reconsideration. *Id.* Repeating arguments in a motion to reconsider may be grounds for denying the motion. *Id.*

The Court find that Plaintiffs have not demonstrated a right to relief under any of Rule 60(b)'s subsections. Nor have Plaintiffs shown that the Court committed manifest error in dismissing their case. The Court therefore will deny the Rule 60(b) motion for reconsideration. The Court cannot "reopen" this case under a different theory and brand new cause of action as requested by Plaintiffs. The Court therefore denies Plaintiffs' request for declaratory relief.

Accordingly,

**IT IS ORDERED GRANTING** Plaintiffs' Motion for Extension of Time to File Reply (Doc. 39) to the extent that the Reply filed on December 6, 2010 will be deemed timely.

**IT IS ORDERED DENYING** Plaintiffs' Motions for Relief and for Declaratory Judgment (Doc. 34.)

DATED this 13th day of December, 2010.

James A. Teilborg
United States District Judge